PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL KETTERMAN III, | ) | CASE NO. 4:26-CV-00501 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| *v.* | ) | |
| | ) | |
| JANE TIMONERE, *et al.*, | ) | **MEMORANDUM OF** |
| | ) | **OPINION AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 3, 4] |

## I.  INTRODUCTION

The Court considers (1) an Emergency Motion for Temporary Restraining Order and

Preliminary Injunction, *see* ECF No. 3, and (2) an Emergency Supplemental Motion for

Temporary Restraining Order and Preliminary Injunction, *see* ECF No. 4.  Plaintiff Daniel

Ketterman III seeks, *inter alia*, to halt the receivership and forced sale of his family home.  On

review, the Court denies both motions for lack of jurisdiction under *Rooker-Feldman*.

Alternatively, it denies both motions under the *Younger* abstention doctrine.  Alternatively to the

alternative, it denies on the merits.[1]

## II.  BACKGROUND

Plaintiff is a disabled divorcé proceeding *pro se*.  *See* ECF No. 3 at PageID #: 127.  He

alleges his court-appointed divorce attorney concealed funds, triggered a state court receivership,

---

[1] The Complaint is neither verified nor served.  *See* Fed. R. Civ. P. 65.  Nonetheless, because of the impending sale date of March 21, 2026, and the clear answer to, at least, the bids for injunctive relief, the Court rules on these motions and suggests, without ultimately deciding, the question of dismissal.  Of course, if the Court does dismiss, this early—albeit incomplete—ruling will be harmless to Plaintiff's case.

(4:26-CV-00501)

and forced the forthcoming sale of his multi-generational home in Warren, Ohio.  *See* ECF No. 1 at PageID ##: 2–23.  He claims he was excluded from probate court conferences, denied disability accommodations, and subjected to retaliatory motions by his (now) ex-wife's attorney. *See* ECF No. 1 at PageID ##: 16–21.  Construed liberally across two filings, he seeks: (1) a temporary restraining order delaying the sale of his home;[2] and (2) a preliminary injunction requiring proceeds from the eventual sale be held in trust to fund comparable replacement housing and forestall his homelessness.[3]  *See* ECF Nos. 3, 4.

## III.  DISCUSSION

### A.  *Jurisdiction*

The *Rooker-Feldman* doctrine is the jurisdictional principle affirming that district courts lack power to sit in pseudo-appellate review of state court decisions.  *See Rooker v. Fid. Tr. Co.,* 263 U.S. 413 (1923)*; D.C. Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983)*.*  A losing litigant dissatisfied with a state court ruling cannot bypass state appellate processes and run to a federal court for relief.  *See id.*  Instead, they must exhaust state remedies or seek *certiorari* directly from the United States Supreme Court.  *See id.*  Although increasingly curtailed—*see Lance v. Dennis,* 546 U.S. 459 (2006) and *T.M. v. U. of Maryland Med. Sys. Corp.,* 139 F.4th 344 (4th Cir. 2025)*, cert. granted,* 223 L. Ed. 2d 270 (Dec. 5, 2025)—*Rooker-Feldman* remains good law. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005) ("The Rooker–Feldman doctrine . . . is confined to . . . cases brought by state-court losers complaining of

---

[2] Plaintiff's supplemental Motion is largely redundant but adds a Fourth Amendment claim that the eviction constitutes an unlawful seizure.  *See* ECF No. 4 at PageID ##: 141–46.

[3] Plaintiff clarifies that he does not oppose the home sale wholesale; rather, he seeks to forestall imminent homelessness due to "state-sponsored intimidation executed through legal machinery."  ECF No. 4 at PageID #: 139.

2

(4:26-CV-00501)

injuries caused by state-court judgments rendered before the district court proceedings commenced[.]")

\*       \*       \*

The Rooker-Feldman doctrine strips the Court of jurisdiction to resolve Plaintiff's injunctive claims.  Halting a state court-ordered home sale and freezing a state court-appointed receivership is functionally imposing federal appellate review on a purely state-law judgment.  Plaintiff is precisely the category of complainant that *Rooker-Feldman* addresses *vis-à-vis* *Exxon*: a litigant ruing a state court judgment and asking a district court to reverse it.  *See* 263 U.S. at 413; 460 U.S. at 462; 544 U.S. at 284.  Without rendering a jurisdictional decision on the underlying 42 U.S.C. § 1983 causes of action, the Court disclaims jurisdiction to grant injunctive relief.

### B.  *Abstention*

Corollary to *Rooker-Feldman*, the *Younger* abstention doctrine[4] is a principle of restraint by which federal courts decline to interfere with state court proceedings as a matter of comity and respect for "our federalism." *See Younger v. Harris*, 401 U.S. 37 (1971) (cleaned up).  Under *Younger*, a district court "may abstain from entertaining an action . . . where there is a civil proceeding involving certain orders that are uniquely in furtherance of the state court's ability to perform its judicial function[s]."  *Stewart v. Brown*, No. 23-3690, 2024 WL 3551151, at \*2 (6th Cir. Apr. 4, 2024).  Initially limited to interference with state criminal prosecutions, the

---

[4] "Traditional abstention doctrines like *Pullman*, *Younger*, and others are extraordinary and narrow exceptions to the normal rule of mandatory jurisdiction." *Fire-Dex, LLC v. Admiral Ins. Co.*, 139 F.4th 519, 526 (6th Cir. 2025) (quoting *Allegheny County v. Frank Mashuda Co.*, 360 U.S. 185, 188 (1959)) (cleaned up).

3

(4:26-CV-00501)

doctrine's logic now extends to "noncriminal judicial proceedings when important state interests are involved."  *See Middlesex Cnty. Ethics Comm. v. Garden State B. Ass'n*, 457 U.S. 423, 425 (1982) (citing *Moore v. Sims*, 442 U.S. 415, 423 (1979)).  District courts embrace *Younger* abstention when: (1) there is a pending state court proceeding; (2) that state proceeding implicates an important state interest; and (3) the plaintiff has adequate opportunity to raise constitutional claims in the state proceeding.  *See Younger*, 401 U.S. 40–41.

\*       \*       \*

Even without *Rooker-Feldman*, *Younger* abstention compels denial.  All three prudential factors are satisfied: first, the state court proceedings are ongoing;[5] second, Ohio has a recognized interest in stable domestic relations and the enforcement of state court orders; third, Plaintiff can (and has) raised constitutional claims in the Ohio court.  *See* ECF No. 3 at PageID ##:  139–41.  Alleged procedural irregularities in state proceedings are not *per se indicia* of the flagrant unconstitutionality required to overcome the presumption of abstention.  The Court declines to eschew *Younger* in this context.

### C.  *Injunction*

When weighing prospective injunctive relief, district courts consider whether: (1) the movant has a strong likelihood of success on the merits; (2) the movant would suffer irreparable injury without injunctive relief; (3) injunctive relief would cause substantial harm to others; and (4) the public interest.  *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014).  The movant "bears

---

[5] "A state proceeding is currently pending if it was pending when the federal complaint was filed."  *Stewart v. Brown*, No. 23-3690, 2024 WL 3551151, at \*2 (6th Cir. Apr. 4, 2024) (quoting *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003)).

4

(4:26-CV-00501)

the burden of persuading the court that the factors weigh in favor of granting a preliminary injunction" and "must establish [their] case by clear and convincing evidence." *Williamson v. White*, No. 93-6017, 1994 WL 49594, at \*1 (6th Cir. Feb. 17, 1994) (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 441 (1974)).

*    *    *

Both Motions fail meritoriously.  First, Plaintiff's likelihood of success is undercut by (a) the tenuousness of his pleadings and (b) the jurisdictional and abstention barriers described above.  Second—regardless of the emotional stock Plaintiff puts in the Warren property—his claims are compensable *via* money damages, and, therefore, insufficiently irreparable.  Third, the balance of equities is not as one-sided as Plaintiff's hyperbolics imply: Ohio has a legitimate state interest in administering its courts' orders independent from federal intervention.  Finally, the uncontested public interest in civil rights vindication is matched by the public interest in the stability of domestic relations proceedings and the property consequences therefrom.  All four factors weigh against Plaintiff.

### IV.  CONCLUSION

Plaintiff's (1) Emergency Motion for Temporary Restraining Order and Preliminary Injunction, *see* ECF No. 3, and (2) an Emergency Supplemental Motion for Temporary Restraining Order and Preliminary Injunction, *see* ECF No. 4, are denied (1) under *Rooker-Feldman,* (2)  under *Younger* abstention, and (3) on the merits.  The Court does not yet dismiss

5

(4:26-CV-00501)

this case under 28 U.S.C. § 1915, but resolves these Motions promptly to provide clarity to *pro se* Plaintiff before March 21, 2026.

IT IS SO ORDERED.

March 6, 2026
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge