PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL L. KETTERMAN III, *et al.*, | ) | |
| | ) | CASE NO. 4:26-CV-00501 |
| Plaintiffs, | ) | |
| | ) | |
| *v.* | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| JANE TIMONERE, *et al.*, | ) | |
| | ) | **MEMORANDUM OF** |
| Defendants. | ) | **OPINION AND ORDER** |

## I. INTRODUCTION

*Pro se* Plaintiff Daniel L. Ketterman III brings civil rights claims under 42 U.S.C. § 1983 on his own behalf and that of his minor children, S.K. and G.K. against Defendants Jane Timonere, Michael R. Babyak, Lisa Mariani, Matthew Blair, and Cassie Jo Ketterman. ECF No. 1. He also moves to Proceed *In Forma Pauperis* ECF No. 2. On review, the Court grants Plaintiff *pauper* status and dismisses all claims without prejudice pending resolution of state court proceedings.

## II. BACKGROUND

Plaintiff's lawsuit revolves around his divorce proceedings in the Trumbull County Court of Common Pleas and that court's decision to place the Ketterman family home in receivership. ECF No. 1 at PageID #: 5; *see Ketterman v. Ketterman*, No. 2024 DR 00090 (Trumbull Cty. C.P. Ct. filed Apr. 12, 2024). His Complaint alleges that: (1) Defendant Timonere—Plaintiff's state court counsel—engaged in a pattern of misconduct by concealing funds, misrepresenting mortgage arrears, failing to make court filings, allowing a receivership

appointment under a false record, and preventing Plaintiff from refuting that false record; (2) Defendant Babyak—counsel for Plaintiff's ex-wife, Defendant Cassie Jo Ketterman— misrepresented mortgage arrears, filed retaliatory documents, "weaponized Plaintiff's ADA-protected disability status against his parental rights," and made false statements in state court; (3) Defendant Mariani—the state court receiver—was fraudulently appointed; (4) Defendant Blair threatened eviction to pressure Plaintiff to agree to scheduled terms; and (5) all Defendants conspired to deprive Plaintiff of his home through fraud, *ex parte* conduct, and the denial of due process.  ECF No. 1 at PageID ##: 2–14;

As relief, Plaintiff seeks: (1) a declaratory judgment that Defendants violated his rights under the First and Fourteenth Amendments, the Americans with Disabilities Act ("ADA,") and the Rehabilitation Act; (2) a temporary restraining order and permanent injunction "restraining Defendants and their agents from selling, transferring, or otherwise disposing of" Plaintiff's home; (3) an order restraining Defendant Mariani from taking any action impacting the family home; and (4) compensatory and punitive damages.  ECF No. 1 at PageID ##: 22–23.  He separately filed a Motion for a Temporary Restraining Order and a Motion Preliminary Injunction, which the Court denied.  ECF Nos. 3, 4, 5.

### III. LAW

*Pro se* pleadings are liberally construed.  *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (*per curiam*); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  But district courts must dismiss *in forma pauperis* complaints under 28 U.S.C. § 1915(e) when they (a) fail to state a claim upon which relief can be granted or (b) lack an arguable basis in law or fact.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  A claim lacks an arguable basis in law or fact when it hinges on a meritless legal theory

or when its factual contentions are clearly baseless.  *See Neitzke*, 490 U.S. at 327.  A cause of

action fails to state a claim upon which relief may be granted when it lacks "plausibility."  *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007) (citation modified).

A pleading must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual

allegations therein must raise the right to relief above the speculative level.  *See Twombly*, 550

U.S. at 555.  A plaintiff need not include detailed facts, but must provide more than "an

unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A

pleading that makes legal conclusions or offers a simple recitation of the elements of a cause of

action will not suffice.  *See id.*  District courts must construe pleadings in the light most

favorable to the plaintiff.  *See Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.

1998).  But they are not required to conjure unpleaded facts or construct claims on behalf of

*pro se* litigants.  *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).

### IV. DISCUSSION

### A. *Representation*

Plaintiffs in federal court may proceed *pro se* or with legal counsel.  *See* 28 U.S.C. §

1654.  They cannot, however, "appear *pro se* on another person's behalf in the other person's

cause."  *Chapa v. Kenton Cty. Judge Exec.*, No. 23-5693, 2023 WL 9475628, at *1 (6th Cir.

Nov. 2, 2023) (citing *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002)).  This "protects

the rights of those before the court by preventing an ill-equipped layperson from squandering

the rights of the party he purports to represent."  *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th

Cir. 2015) (quoting *Zanecki v. Health All. Plan of Detroit*, 576, F. App'x 594, 595 (6th Cir.

2014) (*per curiam*).  Moreover, "parents cannot appear *pro se* on behalf of their minor children

3

because "a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). This prohibition "is designed to protect the interests of [children]." *Kilgore v. Revlon Consumer Prods., LLC*, No. 1:25 CV 02544, 2025 WL 3502931, at *2 (N.D. Ohio Dec. 4, 2025) (Gaughan, J.) (citation modified).

Here, Plaintiff proceeds *pro se* and sues in both his own name and on behalf of his minor children.  ECF No. 1.  There is no evidence or suggestion that Plaintiff is a licensed attorney in this or any other district.  Dismissal without prejudice is proper when a *pro se* plaintiff improperly attempts assert the rights of others.  *See Parker v. W. Carroll Special Sch. Dist.*, No. 21-5700, 2022 WL 2913982, at *2 (6th Cir. Mar. 14, 2022) (citing *Olagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018)).  Therefore, the claims asserted on behalf of S.K. and G.K. are dismissed without prejudice.

### B.  *Rooker-Feldman*

To the extent Plaintiff attacks a state court judgment and seeks relief from state court proceedings, the *Rooker-Feldman* doctrine bars federal review.  *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415-16 (1923).  District courts have no jurisdiction to overturn state court decisions—including when a state court allegedly violates federal law.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive [of] the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Catz v. Chalker*, 142 F.3d 279, 295 (6th Cir. 1998) (quoting *Keene Corp. v. Cass*, 908 F.2d 293, 296-97 (8th Cir. 1990).

4

Federal review of state court judgments is thus limited to the appellate jurisdiction of the United States Supreme Court.  *See Feldman*, 460 U.S. at 483; *Rooker*, 263 U.S. at 415-16.

*Rooker-Feldman* does not, however, bar federal jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil Corp.*, 544 U.S. at 293; *see Berry v. Schmitt*, 688 F.3d 290, 298-99 (6th Cir. 2012).  Nor does it address potential conflicts between federal and state court orders that implicate separate doctrines of comity, abstention, and preclusion.  *See Berry*, 688 F.3d at 299.  Rather, *Rooker-Feldman* applies when a party initiates an action in federal court complaining of an injury caused by a state court judgment *and* seeks review of that judgment.  *See id.* at 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009).

To determine whether *Rooker- Feldman* bars a claim, the Court looks to the "source of the injury the Plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *see Berry*, 688 F.3d at 299; *Kovacic v. Cuyahoga County Dep't of Child. and Family Services*, 606 F.3d 301, 310 (6th Cir. 2010).  If the source of the alleged injury is the state-court judgment itself, *Rooker-Feldman* bars the federal claim.  *See McCormick*, 451 F.3d at 393.  But "[i]f there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim" and *Rooker-Feldman* does not apply.  *Id.*; *see Lawrence v. Welch*, 531 F.3d 364, 368-69 (6th Cir. 2008).  District courts also consider the plaintiff's requested relief.  *See Evans v. Cordray*, 424 Fed. App'x. 537, 2011 WL 2149547, at *1 (6th Cir. 2011).

Halting a state court-ordered home sale and freezing a state-appointed receivership would functionally impose district court appellate review over a state court judgment.  Plaintiff is precisely the type of litigant that *Rooker-Feldman* proscribes *vis-à-vis Exxon*: one ruing a

state court judgment and asking a district court to reverse it.  *See Rooker*, 263 U.S. at 413;
*Feldman*, 460 U.S. at 462; 44 U.S. at 284.  To the extent Plaintiff seeks reversal of the judgment of the Trumbull County Court of Common Pleas, the Court lacks jurisdiction to grant any relief.

### C.  *Res Judicata*

Plaintiff also brings independent claims that the state court judgment was procured *via* fraud, misrepresentation, or misconduct, and that Defendants violated his rights under the ADA and Rehabilitation Act.  To the extent he alleges injuries caused by Defendants' misconduct in state court *res judicata* bars those claims.

*Res judicata* means "a matter [already] judged."  *Res Judicata*, Black's Law Dictionary (11th ed. 2019).  It bars duplicative litigation based on the same event or events.  *See Montana v. United States*, 440 U.S. 147, 153 (1979).  When one court has resolved the merits of a case, another will not revisit or disturb their counterpart's resolution.  *See id.  Res judicata* precludes a party from bringing a subsequent lawsuit on the same claim or raising a new defense to defeat the prior judgment.  *See Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990).

Here, *res judicata* bars Plaintiff from relitigating in federal court the claims and issues previously decided at the state-level.  *See Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009).  He claims Defendants procured a state court judgment through fraud or other improper means, engaged in a conspiracy to deprive Plaintiff of his property, violated his rights under the ADA and Rehabilitation Act, and engaged in retaliatory litigation, abuse of process, and bad-faith litigation.  These claims were either (a) previously litigated in state court or (b)could have been litigated therein.  They are, therefore, barred by *res judicata*.

6

### D. *Younger Abstention*

To the extent Plaintiff seeks federal interference with pending divorce proceedings in state court, the Court abstains.  *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971).  When a litigant is involved in an ongoing state action involving important state matters, he cannot interfere with that action by bringing parallel lawsuit in federal court with claims that could have been raised at the state-level.  *See Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988).  If a litigant files such a claim, *Younger* abstention requires a federal court to defer to the state proceedings.  *See id.*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).  Abstention is discretionary when: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings give the plaintiff adequate opportunity to raise federal questions.  *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).  But it is mandatory when, as here, federal court intervention would "unduly interfere[ ] with the legitimate activities of the state."  *Younger*, 401 U.S. at 44.

As to *Younger*'s third prong, the relevant inquiry is whether the state court proceedings afford adequate opportunity for the plaintiff to raise the federal claims.  *See Moore v. Sims*, 442 U.S. 415, 430 (1979).  The plaintiff bears the burden of proving whether state procedural law bars such claims.  *See Pennzoil Co.*, 481 U.S. at 14.  When the plaintiff has not attempted to present his federal claims in state court, federal courts will assume the state proceedings afford adequate remedy unless there is "unambiguous authority to the contrary."  *Id.* at 15; *see also Szarell v. Summit Cty. Ct. of Common Pleas*, No. 5:18-CV-2975, 2019 WL 3946191, at *3 (N.D. Ohio Aug. 21, 2019).

7

All three *Younger* factors support abstention in this case.  *First*, Plaintiff's domestic proceedings in the Trumbull County Court of Common Pleas are ongoing.  *Second*, state proceedings implicating domestic relations and child custody or child support concern important state interests.  *See Butterfield v. Steiner*, No. C2-01-1224, 2002 WL 31159304, at *6 (S.D. Ohio Sept. 5, 2002) ("Federal courts have consistently recognized that matters relating to domestic relations cases and child custody disputes implicate important state interests[.]") (citing *Moore v. Sims*, 442 U.S. 415, 416 (1979)).  And *third*, there is no suggestion that any claims in this lawsuit are barred in state court.  Because *Younger* is satisfied, the Court abstains from interfering in the ongoing state court proceedings.

## V. CONCLUSION

The Court grants Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) and dismisses all claims without prejudice.  Plaintiff may seek to reopen this case when the relevant state court proceedings are resolved or concluded.

IT IS SO ORDERED.

July 27, 2026
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge

8